UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIA D. McPIKE-McDYESS,

        Plaintiff,                  No. 14-14658

vs.                                       Hon. Gerald E. Rosen

REGENTS OF THE UNIVERSITY
OF MICHIGAN,

        Defendants.
_____/

MEMORANDUM OPINION AND ORDER
DISMISSING PLAINTIFF'S COMPLAINT, IN ITS ENTIRETY

    At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on February 12, 2015

    PRESENT:   Honorable Gerald E. Rosen
                         United States District Chief Judge

On December 9, 2014, Plaintiff Tia D. McPike-McDyess, acting *pro se*, filed the instant action against the Regents of the University of Michigan seeking compensatory and punitive damages arising out of the termination of her parental rights and her allegedly involuntary hospitalization in the adult psychiatric unit of the University of Michigan Hospital in May-June 2010.[1]  On January 22, 2015, the Court issued an Order

---

[1] This is not the first suit Ms. McPike-McDyess has filed arising out of the termination of her parental rights and her hospitalization at the University of Michigan. In April 2014, Plaintiff filed two suits in State court, Michigan Ct. of Claims Nos. 14-00065 and 14-00066 against the Regents and the Michigan Department of Human

to Show Cause, directing Plaintiff to show cause in writing why this case should not be dismissed for lack of jurisdiction and/or because the action is barred by the applicable statute of limitations or by application of the doctrines of *res judicata* or collateral estoppel. Plaintiff timely responded to the Show Cause Order.

Having reviewed Plaintiff's Complaint, her response to the Order to Show Cause, and the entire record of this action, the Court concludes that it lacks jurisdiction to entertain Plaintiff's suit.

It is settled that a court may *sua sponte raise* the issue of lack of jurisdiction because of the applicability of the Eleventh Amendment. *See Estate of Ritter v. University of Michigan,* 851 F.2d 846, 851 (6th Cir. 1988) (citation omitted). Application of the Eleventh Amendment "partakes in the nature of a jurisdictional bar" that may be raised at any stage of the proceedings and even *sua sponte*. *Id*. (quoting *Ford Motor Co. In Ford Motor Co. v. Department of Treasury of the State of Indiana,* 323 U.S. 459, 462, 65 S.Ct. 347, 349 (1985).

---

Services - Washtenaw County, respectively. *See* Civil Cover Sheet, p. 2; *see also* http://courts.mi.gov/courts/coc/pages/case-inquiry.aspx. In both of these cases, the state court granted the defendants' motions for summary disposition. *See id.* On November 11, 2014, Plaintiff's appeal to the Michigan Court of Appeals was dismissed for lack of jurisdiction. *See id.* It was following the dismissal of her state court appeal that Plaintiff filed the instant action in this Court. The Court notes that Plaintiff also initiated a separate federal court action that same day against the Department of Human Services *See McPike-McDyess v. Washtenaw County Department of Human Services*, E.D. Mich. No. 14-14659, which is currently pending review on Plaintiff's Application to Proceed Without Prepayment of Fees or Costs. The Court notes that Plaintiff has filed the identical complaint in both of the federal court actions.

The Eleventh Amendment, as interpreted by the Supreme Court, bars suits against a State or its agencies or employees acting in their official capacity, unless Congress has abrogated its sovereign immunity or the state has expressly waived it. *Virginia Office for Protection & Advocacy v. Stewart*, ___ U.S. ___, 131 S.Ct. 1632, 1637-38, 179 L. Ed. 2d 675 (2011). This sovereign immunity bars not only federal constitutional claims against state agencies but ancillary state law claims, as well. *See Pennhurst State School and Hospital v. Halderman*, 465 U.S. 89, 120-21, 104 S.Ct. 900, 79 L. Ed. 2d 67 (1983) ("This constitutional bar applies to pendent claims as well."). The Board of Regents of the University of Michigan is an arm of the State of Michigan, and hence is cloaked with sovereign immunity. *Estate of Ritter v. University of Michigan,* 851 F.2d at 850-51. That immunity has not been waived. The Court, therefore, has no jurisdiction over Plaintiff's Complaint because the Eleventh Amendment constitutes a bar to her action.[2]

---

[2] Even if the Court were to conclude that it had jurisdiction to entertain Plaintiff's Complaint, or any portion of it, the Court would nonetheless find that Plaintiff has failed to state a claim upon which relief may be granted. First, to the extent that Plaintiff's Complaint can be read as attempting to assert a federal constitutional claim under 42 U.S.C. 1983, it is well-established that states, state entities -- such as the University of Michigan Board of Regents -- and state officials sued in their official capacities are not "persons" subject to suit for constitutional violations under 42 U.S.C. § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *Dillon-Barber v. University of Michigan*, 51 F. App'x 946, 952 n.6 (6th Cir. 2002) (citation omitted). Moreover, the limitations period for bringing a Section 1983 action is three years. M.C.L. § 600.5805(10); *Carroll v. Wilkerson*, 782 F.2d 44, 44 (6th Cir.1986). As for any possibility that Plaintiff can make out a state law claim for assault, battery, false imprisonment or for malpractice, the statute of limitations for such a claim is two years, *see* M.C.L. § 600.5805(2), (6), and the limitations period for state law tort claims to recover damages for injury to a person is three years. M.C.L. § 600.5805(10). Because Plaintiff alleges in her Complaint that the actions giving rise to her claims occurred in

For all of the foregoing reasons,

IT IS HEREBY ORDERED that Plaintiff's Complaint be, and hereby is, DISMISSED, in its entirety.

s/Gerald E. Rosen  
Chief Judge, United States District Court

Dated:  February 12, 2015

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on February 12, 2015, by electronic and/or ordinary mail.

s/Julie Owens  
Case Manager, (313) 234-5135

---

May and June 2010, i.e., more than four years before she filed this action, her claims would be time barred.  Finally, under the doctrine of *res judicata*, "[a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *W.J. O'Neil Co. v. Shepley, Bullfinch, Richardson & Abbott, Inc.*, 765 F.3d 625, 630 (6th Cir. 2014) (quoting *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398, 101 S.Ct. 2424, 69 L. Ed. 2d 103 (1981) . Similarly, where a question of fact essential to the judgment was actually litigated and determined by a valid and final judgment and the same parties had a full and fair opportunity to litigate the issue, collateral estoppel applies and the issue may not be relitigated in a subsequent proceeding. *Marshall v. City of Farmington Hills*, 578 F. App'x 516, 525-26 (6th Cir. 2014).  As noted above, Plaintiff previously filed actions arising out of the same events upon which her Complaint in this action is predicated. Those actions have all been dismissed, with prejudice, and the dismissals were upheld on appeal. The final judgments in those actions preclude Plaintiff from relitigating in this action issues that were or could have been raised in the prior actions.